UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Ronald I. LeVine, Esq.
210 River Street, Suite 11
Hackensack, New Jersey 07601
Attorney for Debtors

**Order Filed on December 20, 2017 by Clerk U.S. Bankruptcy Court District of New Jersey**

In Re:

ANTHONY MERLINO

Case No.: 16-16936JKS

Chapter: 13

Judge: Sherwood

ORDER APPROVING TERMS OF A LOAN MODIFICATION WITH RUSHMORE LOAN MANAGEMENT SERVICES

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: December 20, 2017**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor: ANTHONY MERLINO
Case No. 16-16936-JKS
Caption of Order: ORDER APPROVING TERMS OF A LOAN MODIFICATION PROPOSAL WITH RUSHMORE LOAN MANAGEMENT SERVICES

**THIS MATTER** being opened to the Court by The Law Office of Ronald I. LeVine, Esq., attorney for the debtors herein, upon notice to Rushmore Loan Management Services (hereinafter "Rushmore"), through its attorney Leopold & Associates, and to Marie-Ann Greenberg, Chapter 13 Standing Trustee for entry of an Order approving the terms for the loan modification with Rushmore for the first mortgage on the debtor's property and the Court having reviewed the Motion and any evidence presented at the hearing on the Motion (the "Hearing") and having heard statements of counsel in support thereof; and it appearing that all secured parties having been given notice of the Motion; and good and sufficient cause having been shown for entry of the within Order;

**IT IS HEREBY FOUND AND DETERMIINED** that:

A. Proper, timely, adequate and sufficient notice of the Motion on the hearing on the requested relief set forth above has been provided and no other or further notice of the Motion, the Hearing, or the entry of this Order is necessary.

B. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

The Motion is granted approving the Loan Modification Agreement with Rushmore and attached as **Exhibit A**.

Page 3
Debtor: ANTHONY MERLINO
Case No. 16-16936-JKS
Caption of Order: ORDER APPROVING TERMS OF A LOAN MODIFICATION PROPOSAL WITH RUSHMORE LOAN MANAGEMENT SERVICES

2.  This Court shall retain jurisdiction with respect to any and all disputes may arise in connection with the provisions of this Order and the transactions approved hereby.



15480 Laguna Canyon Road
Suite 100
Irvine, CA  92618
888-699-5600  toll free
949-341-0777  local
949-341-2200  fax
www.rushmorelm.com

June 20, 2017

ANTHONY MERLINO
CARMENZA PEREZ-MERLINO
53 DAIRY ST
MIDLAND PARK, NJ 07432

Re: Rushmore Loan Management Services LLC #7600105791
Property Address: 53 DAIRY RD, MIDLAND PARK, NJ 07432

Dear ANTHONY MERLINO and CARMENZA PEREZ-MERLINO,

Enclosed are two identical original Loan Modification Agreements that we have prepared pursuant to your discussions with your loss mitigation representative from Rushmore Loan Management Services LLC. Please review the Loan Modification Agreements carefully.  If the documents are consistent with the negotiations you had, please sign the documents **in black ink**, **in the presence of a notary** and keep one for your records and return one signed original to Rushmore Loan Management Services LLC in the envelope provided within **30** days of delivery date. *Please sign your name **exactly** as it is printed under the signature line.*

*\*\*Please note that your total payment, including an escrow portion of $1,240.98 will be $3,078.50 and is due on **August 1, 2017**.*

If your loan is in default and actions have been undertaken pursuant to that default, there may be fees related to those actions which have yet to be incurred, but necessarily will be performed as part of the resolution of the proceedings related to the default (the "Default-related Actions").  Such Default-related Actions may include, but are not limited to, actions such as the dismissal of an ongoing foreclosure action, a meeting of creditors, or other court-mandated procedures.  The cost of any such action has not been included in the modification, as that cost has not yet been incurred.  You do not have to pay for any fees or costs for Default-related Actions unless and until they are incurred, and you are responsible only for the actual costs of those Default-related Actions.  If you accept this modification, you will be responsible for any outstanding fees related to the Default-related Actions and they will appear on your periodic billing statement after the modification has been completed.

NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO BE A WAIVER OF THE BORROWER'S DISCHARGE, AN ATTEMPT TO COLLECT AGAINST THE BORROWER PERSONALLY, OR AN ATTEMPT TO REVIVE PERSONAL LIABILITY.

**Advice to Consult with Counsel:**
YOU ARE STRONGLY ENCOURAGED TO CONSULT WITH YOUR OWN LEGAL COUNSEL TO DETERMINE THE LEGAL EFFECT OF THE ENCLOSED AGREEMENT.

If you wish to reinstate or pay-off your loan, or have any questions regarding the Loan Modification Agreement please contact Rushmore Loan Management Services LLC directly at 1-888-504-6700.

Very truly yours,

Rushmore Loan Management Services LLC


Mortgage Cadence Document Center © 10239 09/16                    1 of 2

STATE SPECIFIC NOTICES

The following notice applies to California residents only:

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (382-4357) or www.ftc.gov.

The following notice applies to Colorado residents only:

Please note: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/. Please be advised that you can reach the Colorado Foreclosure Hotline at 1-877-601-HOPE (601-4673).

Local Rushmore Loan Management Services LLC Agent for Colorado Residents:

Irvin Borenstein
13111 E. Briarwood Ave. Ste #340
Centennial, CO 80112

The following notice applies to Massachusetts residents only:

Notice of IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the creditor.

ADDITIONAL NOTICES

Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. However, if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt.

If your loan is in foreclosure, a dismissal fee may be required to dismiss the foreclosure action. This amount has not been included in the modification, as it has not been incurred. You will be responsible for any outstanding dismissal fee and this will appear on your monthly billing statement, after the modification has been completed.



Mortgage Cadence Document Center © 10239 09/16    2 of 2

After Recording Return To:
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, California 92618
1-888-504-6700

This Document Prepared By:
JENNIFER NGHIEM
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, California 92618
Phone: _____

_____ [Space Above This Line For Recording Data] _____
Original Loan Amount: $400,000.00                                               Loan No: **7600105791**

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this **20th** day of **June, 2017**, between **ANTHONY MERLINO AND CARMENZA C. PEREZ-MERLINO, ; HUSBAND AND WIFE** ("Borrower") and **Owner, by and through Rushmore Loan Management Services LLC, as current servicer and agent, whose address is 15480 Laguna Canyon Road, Irvine, California 92618** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **August 18, 2005** and recorded in Book/Liber **14741**, Page **025**, of the Official Records of **BERGEN County, NJ** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**53 DAIRY RD, MIDLAND PARK, NJ 07432**,
(Property Address)
the real property described being set forth as follows:

AS SET FORTH IN THE MORTGAGE

Tax Parcel No.:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **June 20, 2017**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $**415,000.00**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.



LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - New Jersey           Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8855 08/14                                                                                  *(page 1 of 5)*

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.000**% from **July 01, 2017**, and Borrower promises to pay monthly payments of principal and interest in the amount of U.S. **$1,837.52** beginning on the **1th** day of **August, 2017**. If on **July 1, 2052** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

6. Notwithstanding anything to the contrary contained in this Agreement, if a discharge has been granted, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability.  However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances.  The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder.  Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

7. This Agreement modifies an obligation secured by an existing security instrument recorded in BERGEN County, NJ, upon which all recordation taxes have been paid.  As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $403,517.22.  The principal balance secured by the existing security instrument as a result of this Agreement is $415,000.00, which amount represents the unpaid principal balance of this original obligation.

*7600105791*

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - New Jersey    Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8855 08/14    (page 3 of 5)

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
**ANTHONY MERLINO** -Borrower

_____ (Seal)
**CARMENZA PEREZ-MERLINO** -Borrower

_____ [Space Below This Line For Acknowledgments] _____
State of New Jersey
County of __MORRIS__ ss

I certify that on this __12th__ day of __July__, 20__17__,

__Anthony Merlino__
personally came before me and acknowledged under oath, to my satisfaction, the he (she) is named in and personally signed this document; and delivered this document as his (her) act and deed.

__Maureen D. Como__
NOTARY PUBLIC
MAUREEN D. COMO
NOTARY PUBLIC OF NEW JERSEY
My commission expires : __MY COMMISSION EXPIRES AUG. 3, 2020__

Origination Company: **Rushmore Loan Management Services LLC**
NMLSR ID: **185729**

*7600105791*
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - New Jersey    Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8855 08/14    (page 4 of 5)

**Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature
_____ [Space Below This Line For Acknowledgments] _____

State of _____
                                                        SS:
County of _____

I CERTIFY that on _____

_____

Personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as _____

of _____ the entity named in this instrument; and
(c) executed this instrument as the act of the entity named in this instrument.

_____
(Print name and title below signature)


*7600105791*
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - New Jersey    Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center  © 8855 08/14                                                                                  (page 5 of 5)

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **7600105791**

FHA/VA Case Number:

Borrower(s):  **ANTHONY MERLINO and CARMENZA PEREZ-MERLINO**

Property Address:  **53 DAIRY RD, MIDLAND PARK, NJ 07432**

Servicer:  **Rushmore Loan Management Services LLC**

The undersigned Borrower(s) for and in consideration of the above-referenced Servicer modifying the terms of your mortgage loan, agrees that if requested by your Servicer, to fully cooperate and adjust for clerical errors, any or all loan modification documentation deemed necessary or desirable in the reasonable discretion of Servicer to enable Servicer to sell, convey, seek guaranty or market said loan to any entity, including but not limited to an investor, Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Department of Housing and Urban Development, or the Department of Veterans Affairs, or any Municipal Bonding Authority.

I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section shall be referred to as "Documents." I agree to deliver. the Documents within ten (10) days after I receive the Lender's written request for such replacement.

The undersigned Borrower(s) agree(s) to comply with all above noted requests by the above-referenced Servicer within 15 days from date of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

The undersigned Borrower(s) do hereby so agree and covenant in order to assure that this loan modification documentation executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Servicer of its interest in and to said loan modification documentation, and to assure marketable title in the said Borrower(s).

DATED this **20th** day of **June, 2017.**

_____ (Seal)
**ANTHONY MERLINO**  -Borrower

_____ (Seal)
**CARMENZA PEREZ-MERLINO**  -Borrower


Mortgage Cadence Document Center © 9572 08/13


Errors and Omissions/Compliance Agreement

Loan No: **7600105791**

# BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT

**ANTHONY MERLINO AND CARMENZA C PEREZ-MERLINO**
**53 DAIRY RD**
**MIDLAND PARK, NJ 07432**

THIS BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT (the "Balloon Addendum") is made this **20th** day of **June, 2017**, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement (the "Modification Agreement" together, the "Agreements") entered into by the undersigned ("Borrower"), in favor of Owner, by and through **Rushmore Loan Management Services LLC**, as current servicer and agent for owner ("Lender"). The Agreements amend and supplement (1) the Mortgage, Deed of Trust or Security Deed and any applicable Riders (the "Security Agreement"), and (2) the Note bearing the same date as, and secured by, the Security Agreement.

**ADDITIONAL COVENANTS**. In addition to the covenants and agreements made in the Modification Agreement, Borrower and Lender further covenant and agree as follows:

1. In an effort to assist the borrower in meeting their monthly obligations and upon execution of the Agreements, Lender agrees to immediately forgive an amount equal to **$240,348.67** (the "Forgiven Amount").

2. In addition, Lender will agree to defer payment in the amount of **$0.00** (the "Balloon Amount"), which will be due and payable on the earliest of (a) the date the borrower sells or transfers an interest in the property, (b) the date the borrower pays the entire Interest Bearing Principal Balance, or (c) the maturity date of **July 1, 2052**. Lender will not charge interest on this Balloon Amount.

3. The payment of Principal and Interest listed in Paragraph 2 of the Modification Agreement is the payment necessary to amortize **$415,000.00**, which is the portion of the Unpaid Principal Balance not affected by the adjustments described in Paragraphs 1 and 2 of this Balloon Addendum.

The Agreements only modify the Security Agreement and Note in regard to the provisions addressed. All other terms and conditions of the Security Agreement and Note remain in full force and effect.

BY SIGNING BELOW, Lender and Borrower accept and agree to the terms and provisions contained in this Balloon Addendum.

_____(Seal)
**ANTHONY MERLINO**  -Borrower

_____(Seal)
**CARMENZA C PEREZ-MERLINO**  -Borrower

**Rushmore Loan Management Services LLC**

By:_____(Seal) - Lender
Name:
Title:

_____
Date of Lender's Signature